IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>    Plaintiff,<br><br><br><br><br>       vs.<br><br><br>ORACLE CORPORATION, a Delaware Corp.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS CLAIMS 1 AND 3 OF PLAINTIFF'S COMPLAINT<br><br><br><br><br>Case No. 2:05-CV-534 TS |

This matter is before the court on Defendant Oracle's Motion to Dismiss Claims 1 and 3 of Plaintiff's Complaint.

A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling [plaintiff] to relief under her theory of recovery. All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [his or her] claims.[1]

_____

[1] *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002)(internal citations and quotations omitted).

"A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[2] In resolving a 12(b)(6) motion, a court may not consider matters outside the pleadings, unless those documents are attached to the complaint or are referenced in the complaint.[3]

Plaintiff Kenneth Gray is a former employee of Defendant Oracle Corporation who alleges that he was terminated in violation of the ADEA,[4] the WARN Act, and that he was retaliated against for filing his ADEA claim.

Gray's first claim for relief is for a violation of the WARN Act.[5]  The WARN Act requires employers to provide written notification to affected employees 60 days before a mass layoff at a single site of employment.[6]  Gray alleges that he lost his job as part of a mass layoff within the meaning of the WARN Act.  He also alleges that Oracle failed to provide him with either the warning or the payment in lieu of notice as required by the WARN act.  He further alleges that he worked from his home office and was supervised by persons who worked from their home offices.  He alleges that his work assignments with Oracle were never geographically located.  Instead, he serviced the data bases by logging

---

[2]*Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) .

[4]Age Discrimination in Employment Act.  The ADEA claim is not at issue in the present motion.

[5]Worker Adjustment and Retraining Notification Act.

[6]29 U.S.C. § 2102(a).

2

in remotely or, less frequently, by traveling to the site of the machines.[7]  He finally alleges that neither his home office nor those of his supervisors were "single sites of employment" as defined in the WARN Act.

In order to show a mass layoff within the meaning of the WARN Act, Gray must allege that 50 or more employees were discharged in a single reduction in force from the employee's "single site of employment."[8]  Oracle moves to dismiss the WARN Act claim on the grounds that Gray's single site of employment was his home office, and therefore there were not a minimum of 50 employees discharged from the single site of employment. Oracle contends that where an employee works from a home office, he or she has a fixed place of work.  Oracle contends, therefore, the federal regulation defining a single site of employment for employees who are "outstationed" or whose primary duties involve work outside any of the employer's regular employment sites" as a home base to which they report is not applicable.[9]  In support, Oracle cites *Harbert v. HealthCare Services Group, Inc.*,[10] a case where the Tenth Circuit construed the FMLA's[11] use of the term worksite, consistently with the WARN Act's use of the term the single site of employment.  In *Harbert*, the employee was contracted to work at a another company's facility and the Tenth Circuit held that this other facility was a fixed place of work, and therefore the federal

---

[7]Complaint at ¶¶ 29 through 31.

[8]29 U.S.C. § 2101(a)(3)(B)(2).

[9]20 C.F.R. § 639.3(i)(6).

[10]391 F.3d 1140 (10th Cir. 2004)

[11]Family and Medical Leave Act.

3

regulation did not apply.[12]

*Harbet* is distinguishable for several reasons.  First, in *Harbet*, the employee had a fixed place of work at another company's site.  From Gray's allegations, which the Court must assume are true, it appears that Gray's allegations of fact could support the finding that he was an outstationed employee within the meaning of the regulation.  In a similar case,[13] the district court held that there were issues of fact on whether outstationed employees working from home offices should be counted as employees of a regional office or to non-continuous offices throughout the United States.[14]  Second, *Herbert* involved facts submitted on a summary judgment motion.  In this case, the Court may only consider the facts alleged in the Complaint, and may not consider matters outside of the pleadings, including the parties' arguments regarding how the home office was equipped.

The Court notes that Gray is proceeding *pro se*.  As such the court must construe his Complaint liberally.[15]  Construing the Complaint liberally, it does not appear that Gray can prove no set of facts in support of facts in support of his claim under the WARN Act which would entitle him to relief.  Therefore, Gray's first claim for relief will not be dismissed.

Oracle moves to dismiss Gray's claim for retaliation because he does not allege that

---

[12]*Harbert*, 391 F.3d at 1152.

[13]*Kephart v. Data Systems International, Inc.*, 243 F.Supp.2d 1205 (D. Kan. 2003).

[14]*Id*. at 1219-1224.

[15]*Hall*, 935 F.3d at 1110.

he has suffered an adverse employment action.   Gray alleges that in response to his filing a complaint under the ADEA, that Oracle created a "bogus" employee evaluation that gave poor performance as the reason for his dismissal and provided it to the EEOC.   Oracle contends that this does not allege that it is an adverse employment action.  Gray responds with argument regarding how the evaluation has affected his future employment.  However, as noted, the Court may not consider matters outside the pleadings in this Motion to Dismiss.

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[16]  The Court will deny the Motion to Dismiss and allow Gray thirty days in which to amend his Complaint regarding the adverse employment action element of his retaliation claim.  It is therefore

ORDERED that Defendant Oracle's Motion to Dismiss Claims 1 and 3 of Plaintiff's Complaint (Docket No. 3) is DENIED without prejudice to the raising of the issue of the sufficiency of the retaliation claim at an appropriate time.  It is further

---

[16] *Reynoldson v. Shillinger*, 907 F.2d 124, 126-27 (10th Cir. 1990).

5

ORDERED that Plaintiff Gray is granted thirty days in which to file an amended complaint regarding the adverse employment action element of his retaliation claim.

DATED  November 22, 2005.

BY THE COURT:

_____

TED STEWART
United States District Judge