IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDERS<br><br><br><br>Case No. 2:05-CV-534 TS |

I.  INTRODUCTION

This matter is before the Court on Plaintiff's Objection[1] to the Magistrate Judge's Order Regarding Discovery Issues[2] and Plaintiff's Objection[3] to the Magistrate's Order Denying Plaintiff's Motion to Amend.[4]  The Court finds that the Orders are not clearly erroneous or contrary to law and affirms the Magistrate Judge in full.

---

[1]Docket No. 38.

[2]Docket No. 37.

[3]Docket No. 47.

[4]Docket No. 45.

## II.  STANDARD OF REVIEW

For non-dispositive pretrial matters, this Court reviews the Magistrate Judge's Orders under a "clearly erroneous or contrary to law" standard of review.[5] Under the clearly erroneous standard, this Court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[6] Courts recognize that wide discretion is given the magistrate judge in discovery rulings.[7]

## III. ORDER REGARDING DISCOVERY ISSUES

The Magistrate Judge's Order Regarding Discovery Issues ordered Plaintiff to produce or identify six categories of evidence and ordered that he would not be allowed to depose one witness at this time.[8] Plaintiff objects to the following underlined portions of those requirements:

> 4.  Plaintiff has several recordings of conversations with Oracle employees.  Plaintiff has produced some, but not all, of these recordings to Oracle.  <u>The Court finds these recordings are not protected by the work product doctrine and further that even if they were, plaintiff has engaged in selective waiver.  Plaintiff must produce for inspection all recordings of any conversations of any Oracle employees that have not already been produced.</u>  Plaintiff may redact any personal conversations with his spouse that are contained within any such recordings.

---

[5] 28 U.S.C. § 636(b)(1)(A).

[6] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[7] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir. 1999).

[8] Docket No. 37, at 2-3.

     5.      Plaintiff must identify any of his <u>co-workers</u> or supervisor that he sought references from or claims he would have sought references from but for the existence of the disputed performance appraisals in this case.[9]

Gray also contends that Oracle's counsel should have included in the form of his proposed order, stipulations not discussed at the hearing.

    A.  Tape Recordings

Gray objects to the requirement that he produce tape recordings of conversations that he had with Oracle employees on the basis that (1) the recordings are covered by work product privilege and because (2) he wants to take the depositions of the recorded employees before he produces any potentially impeaching evidence.  Gray first used one of the recordings in the EEOC proceedings.[10]  He relied on the substance of one of the recordings in his Complaint[11] and later in his Amended Complaint.[12]  In the Amended Complaint he also relies on a second recorded conversation.[13]  The recorded conversations occurred while he worked for Oracle and include the phone call notifying him of his discharge.[14]  Gray has produced the tapes of the two recorded conversations relied

---

[9] *Id*.

[10] Docket No. 40, Declaration of Kenneth L. Gray Regarding Audio Files at ¶ 5.

[11] Docket No. 1 at ¶¶ 21-23, 33-37,

[12] Docket No. 21 at ¶¶ 20-23 32-37, 42, 66 and 69.

[13] *Id*. at ¶ 76.

[14] Def's Ex. A, Transcript of February 23, 2006 Hearing before Magistrate Judge, at 22 and 26.

3

upon in his Complaint and Amended Complaint and intends to rely on them at trial.[15] Oracle requested the tape recordings in its First Request for Production. Gray objected to the request, but did not raise a work product privilege at the time.

Initially, the Court notes that the record on the objection does not contain a detailed description of the material that Gray claims are protected work product.[16] In addition, he did not timely object to production on the basis of work product. The Magistrate Judge considered and rejected his claim that the tape recordings were protected work product.

The Court finds no error in the Magistrate Judge's finding that the tape recordings are not work product. Such verbatim tapes do not involve the absolutely protected kind of work product –"mental impressions, opinions, or legal theories of an attorney,"– within the meaning of Rule 26(b)(3).[17] Thus, the tape recordings in this case are distinguishable from the interviews with witness after the fact of the event in question in cases such as *Hickman v. Taylor*,[18] relied upon by Gray.[19]

---

[15]*Id.* at 23.

[16]Fed. R. Civ. P. 26(b) (5) ("when a party withholds information otherwise discoverable under these rules by claiming that it is subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the . . . things not produced in a manner that, will enable other parties to assess the applicability of the . . . protection."

[17]*Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 51 (S.D. N.Y. 1992); See also *Grace United Methodist Church,* 427 F.3d at 801 -802 ("work product protection only applies to attorneys' or legal representatives' mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation").

[18]329 U.S. 495 (1947).

[19]Trans. at 25.

Even if the material were work product, the Court finds no error in the Magistrate Judge's alternative ruling that Gray selectively waived that protection. "Any 'work product objection' is waived by a party 'via production.'"[20] Further, because the tape recordings are statements by Oracle's employees acting on behalf of Oracle, they are statements of a party opponent which are discoverable upon request, even if they were work product.[21]

Although such party statements must be produced, there is discretion to allow delayed production of tape recording until after a deposition by the individual who made the statement.[22] However, where the predominant use is to be substantive rather than impeachment, production will not be delayed until depositions.[23] In this case, as in *Pro Billiards*, the predominant use of the tapes is substantive. The Complaint and Amended Complaint show that Gray intends to offer the tapes to prove the truth of his case–namely that Defendant's stated reasons for discharge were pretext or were fabricated to hide retaliatory motives.[24] As stated in *Pro Billiards*:

---

[20] *Grace United Methodist Church v. City Of Cheyenne,* 427 F.3d 775, 801-02 (10th Cir. 2005) *(citing Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.,* 136 F.3d 695, 704 (10th Cir.1998) ("[A] litigant cannot use the work product doctrine as both a sword and shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion.")).

[21] Fed.R.Civ.P. 26(b)(3); *Walls v. International Paper Co.*, 192 F.R.D. 294, 298 (D. Kan. 2000) ("party has an absolute right to a copy of his prior statement"). The Court notes that in *Walls*, unlike in the present case, the defendant did not dispute the plaintiff's claim that the tapes were work product.

[22] *Id.*, (collecting cases).

[23] *Pro Billiards Tour Ass., Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 232 (M.D. N.C. 1999).

[24] *E.g.* Complaint at ¶ 88.

5

Substantive evidence is that offered to establish the truth of a matter to be determined by a trier of fact. . . . In the instance of a recording of fact events, surreptitious or not, the real value of the recording is not in impeaching a witness, but in the facts and issues determined by the recording.  The memory of a witness as to what was said is of lesser importance.  Impeachment evidence, on the other hand, serves the purpose of discrediting only one of the parties through the purifying light of cross-examination.  Because substantive evidence directly effects both parties, each has the same need to subject the other to this cleansing.

The policy rationale relating to substantive evidence has even greater force when a party manufactures a recording of events.  First, one party will have already reviewed the recording in question and would have an undue or unfair advantage of having or being able to prepare for its deposition with the recording, while denying the same opportunity to the opponent.  Second, it has been noted that not only may those surveilled or recorded be tempted to alter the truth, but also those conducting the surveillance or recording.  A party manufacturing evidence will likely produce it in a fashion presenting his or her case in a most favorable light. Unfavorable evidence may well not be gathered or conveniently lost or discarded.  All of this counsels against delaying production of a recording because the recording itself assumes such importance that ascertaining its integrity outweighs any impeachment value it might have.

To the extent that cross-examination is important to reveal the truth, the court has a duty to make sure its application is even-handed to all who would proclaim the truth.  When a party seeks to use a recording which majorly constitutes substantive evidence, that party is using the recording to establish the truth of the case.  Therefore, when a party has obtained a recording of another party but wants to delay production until after that other party's deposition, the court will deny the request where the recording majorly constitutes substantive evidence.[25]

Because the contents of two of the tapes have already been disclosed in the Amended Complaint where they are used as substantive evidence, this case is

---

[25] *Pro Billiards,* 187 F.R.D. at 231-32. (internal citations and quotations omitted) *accord Stamps v. Encore Receivable Management, Inc.*, 232 F.R.D. 419, 423 -424 (N.D. Ga. 2005).

distinguishable from the cases[26] where delay in production was found to be appropriate. For the reasons stated in *Pro Billiards*, the Court will affirm the Magistrate Judge's order that the tapes be produced without further delay.

Further, the Court fully agrees with the Magistrate Judge's ruling that even if the tape recordings were work product, Gray has engaged in selective waiver. By producing and relying on some of the recorded conversations, Gray has waived assertion of work product for the remaining tape recordings.

### 2. Identification of Co-Workers

Gray contends that he should not be required to disclose the names of co-workers from whom he sought references or would have sought references because it was not required by the Magistrate Judge's oral order. He also objects that the Magistrate Judge signed the form of order submitted by Oracle before having an opportunity to review the objection to that form filed by Gray.

The Court has reviewed the transcript of the hearing before the Magistrate Judge and finds that the Order accurately reflects the Magistrate Judge's rulings. Because it accurately reflects those rulings, the Court need not consider Gray's contention that he was not afforded an opportunity to have considered his objection to the form of an order prepared by a prevailing party.[27]

---

[26] *E.g. Walls*, 192 F.R.D. at 298.

[27] DUCivR 54-1.

### 3. Other Matters

Gray also contends that opposing counsel should have included in the form of the order an alleged stipulation that was not discussed at the hearing.

As noted above, the Order accurately reflects the Magistrate Judge's rulings. Matters not before the Magistrate Judge are not required to be addressed in a proposed order embodying a ruling.

## IV.  ORDER DENYING MOTION TO AMEND

The Magistrate Judge denied Gray's Motion to Amend/Correct complaint to add a claim for disparate impact age discrimination for two reasons. First, that he had not included a copy of his proposed amended complaint as required by case law.[28]  Second, that the deadline for filing amendments had passed.[29]

Gray contends that the *Lambertson* case relied upon by the Magistrate Judge was based upon a former version of the local rules and that the current local rules do not require that a copy of the proposed amended complaint be included with a motion to amend. He also contends that the deadline for filing amendments does not apply to amendments under Fed.R.Civ.P. 15(b).

Oracle concedes[30] the issue of the change in the local rules. Oracle nonetheless argues that the Magistrate Judge was correct in requiring a copy of the proposed amended

---

[28] Docket No. 45, citing *Lambertsen v. Utah Dept. of Corrections*, 79 F.3d 1024, 1030 (10th Cir. 1996).

[29] *Id*.

[30] Docket No. 60 at 2.

complaint be included with the motion because it is necessary to assess the viability of the proposed amendment.  Oracle also contends that the proposed amendment is untimely.

The Court finds no error in the Magistrate Judge's ruling that without an attached copy of the proposed amended complaint, it is "impossible for the court to determine its viability."[31] It is true that a copy is no longer required under the local rules.  But it is also true that this motion was filed well after the deadline for filing amendments.  It is incumbent upon the filing of such a late motion to fully support it.  The Court notes that subsection (b) of Rule 15 applies only to issues that are "tried."   The Court finds that the Magistrate did not err in finding that Gray had not met his burden of showing that justice requires the late amendment, where the Magistrate was unable to determine the viability of the proposed second amended complaint.

Gray has, however, shown that some of the evidence that he contends supports his late amendment was recently produced.  Therefore, the Court will affirm the Magistrate Judge's ruling, but will allow Gray ten days following entry of this Order to file a new motion to amend complaint, provided that it is accompanied by (1) a copy of his proposed second amended complaint and (2) a statement of the dates when Oracle first produced the evidence which he claims supports the claim he seeks to add.

## V.  CONCLUSION AND ORDER

The Court finding no error in the Magistrate Judge's Orders, it is therefore

---

[31] Docket No. 45, citing *Lambertsen*.

ORDERED that Gray's Objection (Docket No. 38) to the Magistrate Judge's Order Regarding Discovery Issues is OVERRULED and the Magistrate Judge's March 2, 2006 Order Regarding Discovery Issues (Docket NO. 37) is adopted in full.   It is further

ORDERED that Gray's Objection (Docket No. 47) to the Magistrate's Order Denying Motion to Amend is OVERRULED.   It is further

ORDERED that the affirmance of the Order Denying Plaintiff's Motion to Amend is without prejudice and Gray has ten days from the entry of this Order to file any new motion to amend, provided that it is accompanied by (1) a copy of his proposed second amended complaint and (2) a statement of the dates when Oracle first produced the evidence which he claims supports any claim he seeks to add.

DATED May 24, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge