IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>　　Plaintiff,<br><br>vs.<br><br>ORACLE CORPORATION, a Delaware corp.,<br><br>　　Defendant. | ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT ON WARN ACT CLAIM<br><br><br><br>Case No. 2:05-CV-534 TS |

　　The parties submit cross Motions for Summary Judgment on Gray's claim for benefits in lieu of notice under the WARN Act.[1]  The WARN Act requires employers to provide written notification to affected employees 60 days before a mass layoff at a single site of employment.[2]  Employees who did not receive required notice are entitled to back pay and back benefits under the Act.

　　Gray seeks summary judgment because he contends that under the undisputed

---

[1]Worker Adjustment Retraining and Notification Act.

[2]29 U.S.C. § 2102(a).

1

facts his single site of employment for WARN Act purposes is Defendant Oracle's headquarters in California, and he was therefore entitled to benefits in lieu of 60-days notice of Oracle's mass layoff at that site. Oracle contends that it is entitled to summary judgment because the undisputed facts show that Gray's home was his single site of employment, a site not covered by the WARN Act. These Motions are the second time the Court has addressed Gray's WARN Act claim.[3]

The following facts are undisputed: At the time his employment was terminated Gray worked out of an office located in his home in Salt Lake City, Utah. Gray was supervised by, and reported to, a supervisor who worked out of an office located in the supervisor's home in Virginia, but who reported to Oracle's headquarters in California. Oracle had a mass layoff at its corporate headquarters in California. Gray received a WARN notice from Oracle on the same day his employment was terminated. The WARN Act notice showed the Oracle California headquarters as the facility with the mass layoff affecting Gray.[4]

Gray contends that for purposes of the WARN act his "single site of employment" is Oracle's California headquarters. In support, he relies on the regulation defining the single site of employment for outstationed employees.[5] Gray contends that since he received the WARN Act notice on the day he was terminated, he is entitled to pay-in-lieu

---

[3] Docket No. 20 (denying Oracle's Motion to Dismiss Warn Act claim under Fed. R. Civ. P. 12(b)(6)).

[4] Docket No. 116-2.

[5] 20 C.F.R. § 639.3(i)(6).

of 60-day notice under the WARN act.

Oracle contends that the single site of Gray's employment is his home office. It submits an Affidavit stating that Oracle's giving Gray a WARN notice referencing the California headquarters at the time of his termination was a "clerical error."[6] Oracle relies heavily on the *Harbert* case,[7] a case that examined the regulation in question for the purpose of construing a similar regulation under FMLA.[8] Oracle interprets the *Harbert* case's statement that the WARN act regulation "governs only employees without a fixed place of work"[9] means that because Gray has a fixed place of work, his home office, the regulation does not apply to him. According to Oracle, Gray's single site of employment for the WARN act is his home. In the alternative, Oracle contends that Oracle's Salt Lake City office is a "more probable" single site of his employment because it contends that Gray had an office in that facility. But Oracle does not contend that Gray is employed at its Salt Lake City office–it contends that he works out of his home office.

By his Affidavit[10] Gray submits evidence of the following: He initially worked at the Information Technology (IT) department located at the California headquarters and performed remote work on databases used throughout the world. After he moved his office to his home in Utah, he continued in essentially the same assignments for that same IT

---

[6]Greene Dec. at 2-3, ¶8.

[7]*Harbert v. Healthcare Services Group, Inc.*, 391 F.3d 1140 (10th Cir. 2004).

[8]*Id*. at 1152-53.

[9]*Id.* at 1152.

[10]Docket No. 116-2.

3

department, but was able to do so from his office in his home in Salt Lake City due to technological advances.  He never reported to anyone at the Salt Lake City facility and none of the employees of the Salt Lake City office did the same type of IT work.  Oracle generally disputes these facts.

Although it is a close question, the Court finds that there is an issue of fact on the single site of Gray's employment.  It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 89) and Defendant's Motion for Partial Summary Judgment (WARN Act Claim) (Docket No. 103) are DENIED.  It is further

ORDERED that pursuant to this Court's policy to refer a case for settlement after dispositive motions, this case will be referred to a Magistrate Judge for a settlement conference.

DATED this 17th day of October, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge