IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE CORP.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO OWBPA<br><br><br>Case No. 2:05-CV-534 TS |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment Pursuant to OWBPA. Plaintiff seeks summary judgment on a claim that he seeks to add by a proposed Amended Complaint. Plaintiff seeks to add a claim for violation of the Older Workers Benefit Protection Act (OWBPA). Defendant opposes the Motion because (1) the claim has not yet been added by an Amended Complaint, (2) there is no private cause of action under OWBPA, and (3) Gray failed to exhaust his remedies for any claim under OWBPA.

1

The standard for summary judgment is well-know and need not be repeated here, except to note that only material issues of fact preclude summary judgment.  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."[1]

The OWBPA consists of amendments added in 1990 to the Age Discrimination in Employment Act (ADEA) .[2]  The OWBPA provides: "An individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary . . .  [A] waiver may not be considered knowing and voluntary unless at a minimum" it satisfies certain enumerated requirements.[3]   As courts have noted, the "OWBPA's establishment of minimum waiver requirements can be a shield for plaintiffs in an ADEA action when an employer invokes the waiver as an affirmative defense.  An invalid waiver in an ADEA suit means that the plaintiff has not, as a matter of law, waived his or her rights to bring a separate ADEA claim."[4]

The following facts are undisputed.  When Gray's employment was terminated in January 2005, Oracle sent him a proposed Agreement Regarding Termination of

---

[1] *Bartell v. Aurora Public Schools*, 263 F.3d 1143, 1146 (10th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[2] Codified at 29 U.S.C. §§ 621, 623, 626, & 630.

[3] *Whitehead v. Oklahoma Gas and Elec.*, 187 F.3d 1184, 1191-92 (10th Cir. 1999) (quoting 29 U.S.C. § 626(f)(1)).

[4] *Id*.

Employment and Release of all Claims [hereinafter proposed waiver].[5]  The proposed Waiver contained a waiver of the right to sue and an offer of severance pay.  Gray declined to sign the proposed Waiver.[6]

It is well-established in this Circuit that there is no private cause of action for damages under OWBPA.[7]  Gray acknowledges that there is no private cause of action.[8]  But he argues that because OWBPA is part of, and included within, the ADEA, a violation of OWBPA entitles him to partial summary judgment on his ADEA claim.[9]  The relief that Gray seeks is an order requiring Oracle to now provide the statistical information that he contends was required under the OWBPA. He contends that even if his OWBPA claim is not added by his proposed Second Amended Complaint, that it was necessarily included within his original ADEA claim.  Accordingly, the Court will consider the OWBPA issue in connection with the present Motion for Partial Summary Judgment to the extent that any OWBPA claim was included in his ADEA claim.

The Court denies Plaintiff's Motion for Partial Summary Judgment on his claim under OWBPA because it is inapplicable in the present case where there is no executed waiver of rights.  By its plain language, § 626(f) is at issue when it must be determined

---

[5]Docket No. 76, Gray Decl., Ex. B.

[6]Amended complaint ¶ 38, and proposed Second Amended Complaint at ¶ 38. Gray's Complaints are verified because they are signed under penalty of perjury.

[7]*Id.*

[8]Docket No. 87, Pl.'s Reply Mem. at 7.

[9]*Id.* at 2.

whether a waiver is "knowing and voluntary" and, therefore, effective. Section 626(f) is not at issue where there is no need to determine whether a release of an ADEA claim is valid. Where there is no attempt to enforce a waiver of the right to sue under the ADEA by an employer, nor an attempt to avoid the effect of such a waiver by a former employee, §626(f)'s provisions are not applicable. It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment Pursuant to OWBPA (Docket No. 74) is DENIED.

DATED this 17th day of October, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge