IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE CORP.,<br><br>Defendant. | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT<br><br>Case No. 2:05-CV-534 TS |

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Unapproved Over-Length Memorandum and Defaced Exhibit and Plaintiff's Motion for Leave to Amend.

MOTION TO STRIKE

Plaintiff Kenneth Gray (Gray) moves to strike Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend Amended Complaint[1] on the grounds that it is over length and because it attaches as an exhibit an incomplete copy of a document. Gray

---

[1]Docket No. 92.

1

has attached a complete copy of the document to his Reply.[2]  The Court notes that the issue of admission of the document as evidence at trial is not before the Court at this time. The Court has reviewed the Memorandum and finds that it complies with the local rule.[3] The Court further finds that filing an abridged version of a document as an exhibit to a memorandum is not grounds for a motion to strike.[4]  The Motion to Strike will be denied.

## MOTION FOR LEAVE TO AMEND

The Court's Memorandum Decision of May 24, 2006,[5] affirmed the Magistrate Judge's denial of Gray's attempt to amend his Amended Complaint[6] to add a disparate impact claim.  But, the Decision was without prejudice and provided Gray ten days from the date of the Decision "to file any new motion to amend, [the Complaint], provided that it is accompanied by (1) a copy of his proposed second amended complaint and (2) a statement of the dates when Oracle first produced the evidence which he claims supports any claim he seeks to add."[7]

Gray's proposed amended complaint seeks to add three causes of action: violation of the Older Workers Benefit Protection Act (OWBPA); disparate impact, and pre-termination retaliation under the Age Discrimination in Employment Act (ADEA).

---

[2]Docket No. 101, Ex. B.

[3]DUCivR 7-1(b)(3).

[4]*See* Fed.R.Civ.P. 12(f) (grounds for motions to strike pleadings).

[5]Docket No. 78.

[6]Docket No. 21, Amended Complaint.

[7]*Id*. at 10.

Defendant opposes Plaintiff's Motion for Leave to Amend the Complaint on the grounds that it would be futile because he did not exhaust his administrative remedies for any of the three causes of action sought to be added and because there is no private cause of action under OWBPA.

"'A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.'"[8]

For the reasons stated in the Court's Memorandum Decision Denying Plaintiff's Motion for Partial Summary Judgment Pursuant to OWBPA, the Court held that the OWBPA is not at issue in this case.  Therefore, it would be futile to allow Gray to amend the complaint to add a separate claim under the OWBPA.

As to the other two claims sought to be added, the Court agrees with Oracle that it would be futile to allow amendment because these claims were not included in Gray's EEOC claim, and therefore, they are not exhausted.

Gray contends that he was not aware of the statistics in support of his disparate impact claim until January 2006, and that the statistical evidence was produced on March 22, 2006.  He also contends that he was unaware of alleged pre-termination retaliation that occurred in 2004 until an email was produced in January 2006.  Because he alleges that

---

[8] *E.SPIRE Communications, Inc. v. New Mexico Pub. Regulation Com'n* 392 F.3d 1204, 1211 (10th Cir. 2004) (quoting *Bauchman for Bauchman v. West High Sch.,* 132 F.3d 542, 562 (10th Cir. 1997)).

Oracle kept the information from him until recently, he contends that he should be allowed to amend his complaint to add these claims.

The exhaustion of administrative remedies is a prerequisite to suit under the ADEA.[9] The Court has reviewed the charge at issue,[10] and finds that it does not include either the disparate impact claim or the pre-termination retaliation claim.

A disparate impact claim alleges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity."[11] Disparate impact claims are conceptually different than disparate treatment claims and therefore are not exhausted by a claim of disparate treatment.[12] The fact that Gray alleges that he did not have the statistical information regarding the other employees terminated at the same time as himself does not toll the limitations period for bringing a charge of disparate impact with the EEOC because it does not allege deception regarding the procedural prerequisites for bringing such a charge.[13]

---

[9]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[10]Docket No. 92, Def.'s Mem., Ex. 2.

[11]*Carpenter v. Boeing Co.*, 456 F.3d 1183, 1187 (10th Cir. 2006) .

[12]*Beth v. Espy*, 854 F.Supp. 735 (D. Kan. 1994).

[13]*Macheroni v. Bd. of Regents of Univ. of California*, 28 F.3d 1554, 1562 (10th Cir. 1994) (citing *Wilkerson v. Siegfried Ins. Agency,* 683 F.2d 344, 348 (10th Cir.1982) (the evidence must establish either active deception about the procedural prerequisites of Title VII or that the plaintiff "has in some extraordinary way been prevented from asserting his or her rights").

Similarly, the pre-termination retaliation claim was not exhausted before the EEOC. Gray contends that in August of 2003, he complained to his direct supervisor about age discrimination by his direct supervisor's supervisor.[14] He contends that his direct supervisor failed to take action to send the complaint to the Human Resources Department and, instead, five months later, the supervisor he had complained about retaliated by participating in attacking Gray's character by an e-mail.[15] The e-mail is dated January 9, 2004, and is between Oracle supervisors and a person in its Human Resources Department. It references an earlier string of e-mails to which Gray was a party. It is in the nature of criticism and of a poor performance evaluation. Gray contends that he did not learn of this alleged retaliation, meaning the January 2004 e-mail, until January 2006 when it was produced in discovery. But his allegations are that in 2003 he was aware of his own alleged complaint to his supervisor and of his supervisor's alleged failure to take action.

Passing over the issue of whether the January 2004 e-mail is a materially adverse action,[16] Gray has not exhausted his administrative remedies before the EEOC for such a claim and the limitations period for doing so has now passed.

---

[14]Docket No. 80, Gray Decl. at ¶¶ 6 and 10.

[15]Gray Dec. Ex. B.

[16]*E.E.O.C. v. Body Firm Aerobics, Inc.*, 2006 WL 1993784, *5, 88 Empl. Prac. Dec. P 42,488 (D. Utah 2006) (finding that supervisor's writing and circulating of a memorandum containing a harsh critique of plaintiff not a materially adverse action where it did not impose any disciplinary penalty or otherwise alter her employment status).

Because the Court has determined that the OWBPA does not apply to this case, and has determined that Gray has failed to exhaust his administrative remedies for a disparate treatment claim and a new claim of pre-termination retaliation alleged to have occurred in January 2004, those claims would not survive a Motion to Dismiss. Therefore, the Court finds and concludes that it would be futile to allow Gray leave to amend his Amended Complaint to add such claims.

## CONCLUSION AND ORDER

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Strike Unapproved and Overlength Memorandum and Defaced Exhibit (Docket 94) is DENIED. It is further

ORDERED that Plaintiff's Motion for Leave to Amend Amended Complaint (Docket No. 81) is DENIED.

DATED this 17th day of October, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge