IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>ORACLE CORP., a California Corp.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE TO  EXCLUDE TRANSCRIPTS OF RECORDED CONVERSATIONS<br><br><br><br><br><br>Case No. 2:05-CV-534 TS |

This matter is before the Court on Defendant's Motion in Limine to Exclude Transcripts of Recorded Conversations.  The transcripts at issue are those of an August 2003 staff meeting and a January 2005 conversation between Plaintiff and his supervisor Patterson.

Defendant seeks to exclude the transcript of the January 2005 conversation on the grounds that a transcript is not the original.  Plaintiff contends that in the absence of a challenge to authenticity, the transcript is admissible.

1

The Court notes that this transcript was attached to the Amended Complaint filed on November 29, 2005.[1]  Plaintiff represents that it will have the tape recording available to play to the jury.  The Court will allow the transcript to assist the jury but will give the jury the standard instruction that the tape recording itself is evidence and the transcripts are not evidence.[2]  Accordingly, Plaintiff should be prepared to present the tape recordings themselves to the jury and may use the transcript to allow the jury to follow along.

Defendant seeks to exclude the transcript of the August 2003 staff meeting on the grounds that it is not the original and that it is inadmissible hearsay.  The Court has already ruled that transcripts may be admitted to assist the jury.  However, as to the 2003 tape recording, Defendant contends that the entire recording has not been made available.  The Court would allow a tape recording and a transcript only if the entire original recording has been made available to the opposing party in advance of its offering in Court.  Plaintiff shall make the original tape recording available to Defendant for examination no later than Friday, November 30, 2007 at 5:00 p.m. and shall provide a full copy at that time.

According to Plaintiff, the 2003 recording involves a conversation between himself and two individuals, one of whom was his then-supervisor, all of whom will testify at trial. Plaintiff proffers it as evidence that work was taken from him and given to others without his then-supervisor's knowledge.  The Court notes that it is not clear that events in 2003 have relevance to the January 2005 decision to include Plaintiff in the RIF.

---

[1] Docket No. 29.

[2] *E.g.* Tenth Circuit Criminal Pattern Jury Instruction, 1.40, second paragraph.

Defendant contends that the staff meeting recording is not admissible to prove the truth of statements made at the meeting and is not an admission of a party opponent within the meaning of Fed. R. Evid. 801(d)(2)(D) because it does not involve the employee who was involved in the 2005 decision to include Plaintiff in the RIF.  In support, Defendant relies upon the following statement from *Jaramillo v. Colorado Judicial Dept.*:[3] "[i]n order for a statement to qualify as an admission of a party opponent, the speaker 'must be involved in the decisionmaking process affecting the employment action involved.'"  The Court agrees with Defendant that the recorded staff meeting does not contain statements admissible as a statement of a party opponent.

Plaintiff contends that it is admissible under the "catchall exception" of Fed. R. Evid. 807 because it is "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts."  Where all of the individuals present at the staff meeting will testify at trial, their testimony can be procured and therefore the catchall exception does not apply.  Therefore it will be excluded at this time as hearsay.  However, the Court is not ruling on the extent to which it may be offered for another purpose, such as impeachment.

---

[3] 427 F.3d 1303, 1314 (10th Cir. 2005) (quoting *Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 762 (7th Cir. 2003)).

ORDERED that Defendant's Motion in Limine to Exclude Transcripts of Recorded Conversations (Docket No. 215) is DENIED as to the recording of the 2005 conversation and GRANTED as to the recording of the 2003 staff meeting.

DATED   November 29, 2007.

                                         BY THE COURT:

                                         _____
                                         TED STEWART
                                         United States District Judge