IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>      Plaintiff,<br><br><br><br><br><br><br>      vs.<br><br><br>ORACLE CORP., a California Corp.,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE DAMAGES OPINION OF DR. GREN<br><br><br><br><br>Case No. 2:05-CV-534 TS |

Defendant seeks to exclude the opinion testimony of Plaintiff's damages expert Dr. Gren arguing that Dr. Gren is not qualified because he is not a labor economist and has never performed a front pay or back pay analysis. Defendant also contends that Dr. Gren's opinion is not reliable because he did not perform his own analysis, and his results "are divorced from the reality of the case."[1]

---

[1]Docket No. 185, at 2.

1

Plaintiff contends that Dr. Gren is qualified, that he performed his own analysis, and that his results are reliable.  Plaintiff further requests a hearing under *Daubert*[2] to establish the admissibility of Dr. Gren's testimony.

As an initial matter, the Court finds that front pay damages are not relevant to this phase of the proceedings.  It has long been the rule that front pay is an equitable issue to be determined by the Court.[3]   If the jury returns a verdict in Plaintiff's favor on his claim of age discrimination, the Court will consider any front pay issues in post-trial proceedings.  Because front pay is not an issue at this time, the Court need not address any of the parties' arguments regarding front pay.[4]

The Court turns to the damages issue for trial, commonly referred to as back pay.  The admissibility of expert testimony is governed by Fed. R. Evid. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

---

[2]*Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

[3]*See Denison v. Swaco Geolograph Co.*,  941 F.2d 1416, 1426 (10th Cir. 1991) (ADEA case adopting rule that front pay is equitable issue for the court).

[4]The Court does, however, note that the issue of whether or not Plaintiff will work to a particular age appears to depend upon many variables. *See Whittinton v. The Nordam Group, Inc.*, 429 F.3d 986, 1001 (10th Cir. 2005) (examining factors to be applied by trial court in awarding front pay).

The Tenth Circuit has frequently reviewed the trial courts' application of the *Daubert* factors and has explained:

> The rule requires a district court to exercise its "gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" The district court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts."[5]

Having reviewed Dr. Gren's qualifications, the Court finds that he is qualified by his statistical and business expertise.  The Court next turns to the issue of whether his analysis is relevant.  For the reasons stated above, no issues of front pay are relevant at this stage of the proceedings.  Thus all exhibits and testimony regarding Dr. Gren's opinion on front pay will be excluded from trial.

That leaves only testimony and exhibits regarding back pay.  Defendant contends that the back pay calculations are not relevant or reliable because Dr. Gren merely parrots back the damages theory provided by Plaintiff.  In support, Defendant relies upon *LifeWise Master Funding v. Telebank.*[6]  In *Lifewise*, the Tenth Circuit held that a lay businessman could not testify regarding a proffered model of damages where he was not able to testify as to its foundation, namely the validity of the model itself.  The Court noted: "[w]hether a

---

[5]*Cartel Asset Management v. Ocwen Financial Corp.*, 2007 WL 2733725, *11 (10th Cir. 2007) (quoting *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) and *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003)).

[6]374 F.3d 917, 928 (10th Cir. 2004).

witness can parrot the results of a model does not mean that he is qualified to explain how the model works or to opine on the statistical validity or interpretation of the results."[7]

The damages calculations at issue in this motion involve two models.  First, a model based upon Plaintiff's actual salary, bonus, and benefits at the time of his termination as well as the actual salary, bonus, benefits, and consulting fees he has received from his new employers after his discharge on January 15,  2005.   Second, a model based upon salary, bonus, and benefits that Plaintiff believes that he would have received from Defendant had he not been discriminated against by Defendant since 2001.

Defendant initially objected to the second model based upon its theory that the Court already rejected Plaintiff's attempt to amend his complaint to add such a claim.[8] Plaintiff responded by arguing that such a claim has always been part of its case, was further developed during discovery and supports this position by its assertion that events in 2003 are the basis of Oracle's defense.  In its Reply, Defendant raised the issue that any claims of pre-termination salary discrimination based upon age are time-barred because they were timely exhausted in the administrative proceedings before the EEOC.[9] Subsequently, Defendant filed a Motion to Dismiss Newly Raised Pre-Termination Discrimination Claims.

---

[7]*Id.* at 928.

[8]Docket No. 185, at 3, ¶ 11 and 7 n.4.

[9]Docket No. 202, at 3-4.

4

If supported by fact testimony at trial, matters such as raises and promotions missed due to illegal conduct may be elements of damages.[10]  Accordingly, the Court finds that matters included in the second model may be legitimate elements of damages, if they stem from conduct that the jury finds to be illegal and are supported by fact testimony at trial. The Court finds that Defendant's objection to the second model relates to its legal argument regarding the extent of the available claims in this case rather than to the reliability of the methodology used to calculate damages.  Accordingly, the Court will defer ruling on that issue until after its decision on the Motion to Dismiss the pre-termination discrimination claims.  If those claims are excluded from trial, testimony and exhibits relating to Dr. Gren's second model will also be excluded from trial.  That would leave only the straightforward opinion as to damages using conventional methods based on Plaintiff's actual salary history at and following his termination.   It is therefore

ORDERED that the Motion in Limine to Exclude the Damages Opinions of Dr. Gren (Docket No. 184) is GRANTED as to all testimony and exhibits relating to front pay.  It is further

---

[10]*E.g. Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1179-80 (10th Cir. 2003) (finding trial court abused its discretion in failing to adjust the ADEA and Title VII plaintiff's front pay to reflect the fact that he would have been in a higher position absent the defendant's illegal retaliation).

ORDERED that the Motion in Limine to Exclude the Damages Opinions of Dr. Gren (Docket No. 184) is reserved as to all testimony and exhibits relating to back pay, as set forth above.

DATED   November 29, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge