IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>    Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DOLLAHITE'S ALLEGED "OLD DEADWOOD" STATEMENT |
| vs. | |
| ORACLE CORP., a California Corp.,<br><br>    Defendant. | Case No. 2:05-CV-534 TS |

   This matter is before the Court on Defendant's Motion seeking to exclude testimony regarding the following statement allegedly made at a staff meeting in December 2004 by Plaintiff's second level supervisor: "Don't worry. Everything's going to be okay except we're going to get rid of some of the old deadwood."[1]

   Defendant contends that the statement is the type of isolated comment by a non-decisionmaker—commonly called a "stray remark"—which does not create an inference

---

[1]Docket No. 205, at 1-2.

1

of discrimination under Tenth Circuit case law. Defendant also contends that the remark is hearsay and too cryptic to be meaningful.

Plaintiff contends that the remark was made by a person who had decisionmaking authority, is not cryptic in the context of the RIF, and is therefore neither a stray remark nor hearsay.

The Tenth Circuit law regarding stray remarks in employment discrimination cases was recently succinctly summarized in *Merritt v. Tellabs Operations, Inc.*:[2]

> "Isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions." "[S]tray . . . comments should typically not be admitted unless the plaintiff can link them to personnel decisions or the individuals making those decisions." Without more, the [plaintiff's] subjective belief that he was within the class of "senior management" identified by Mr. Birck does not establish the necessary link between comment and termination.[3]

In the present case, unlike *Merritt* and the cases cited therein, Plaintiff has proffered evidence from which a reasonable jury could infer the necessary link between the comment and termination. That evidence, viewed from the light most favorable to Plaintiff is that the speaker Dollahite was Plaintiff's second level supervisor. Dollahite made the remark about and in connection with the reorganization that Defendant contends required the RIF at issue. The remark was made in a staff meeting about the reorganization—it was not merely an expression of a personal opinion. Among those present were Plaintiff and his

---

[2] 222 Fed. Appx. 679 (10th Cir. 2007).

[3] *Id.*, at 683 (quoting *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) and *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000)).

direct supervisor, Patterson. Patterson was the individual who Defendant argues made the actual decision to include Plaintiff in the RIF. This meeting was within the time frame of the employment decisions at issue in this case. The meeting was in December 2004, during or shortly before the time it was being determined who would be included in the RIF. Plaintiff was notified that he was included in the RIF no later than January 15, 2005. Defendant's RIF criteria required Dollahite to have his direct reports, one of whom was Patterson, cut a total of 22 employees. Dollahite, on his own initiative, determined to cut 31 employees, "in order to prepare my part . . . to hire back better qualified people previously occupied by my layoff candidates."[4] Dollahite's plan to include more people than required by the RIF in order to hire new employees was communicated to and discussed with Patterson and the other supervisors on Dollahite's team.[5] Dollahite and his team knew that new hires would be needed to replace the laid-off workers as early as February 2005. They also knew that enough replacements would not be available from the pool of workers available from the company recently merged with Defendant, and therefore, would need to be entirely new workers.

Defendant, of course, has an entirely different view of the evidence and the inferences to be drawn from that evidence. The Court finds that in the context of the RIF and Dollahite's plan as communicated to his team, the Court finds that the remark is not so cryptic as to be unrelated to the employment decision. Instead, it is susceptible of

---

[4] Pl.'s Ex. 1 at 0R020028 (January 12, 2005 email from Dollahite).

[5] *Id*. at 0R020028-29 (referring to Patterson by his first name Rutledge).

several meanings— it will be the jury's task to determine if the remark was made, and if so, if it referred to a plan to replace older workers, or to replace less qualified workers.

For this same reason, the remark is not hearsay because it is admissible as an admission by a party opponent where Plaintiff has shown evidence from which the jury could find that Dollahite was "involved in the decisionmaking process affecting the employment action involved."[6]  It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Any Testimony Regarding Dollahite's Alleged "Old Deadwood" Statement (Docket No. 205) is DENIED.

DATED   November 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[6] *Jaramillo v. Colo. Judicial Dept.*, 427 F.3d 1303, 1304 (10th Cir. 2005).