IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>        Plaintiff,<br><br><br><br><br><br><br><br><br>                vs.<br><br><br>ORACLE CORP., a California Corp.,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO  EXCLUDE EXHIBITS OFFERED IN VIOLATION OF DISCOVERY AND SCHEDULING DEADLINES AND MOTION IN LIMINE TO EXCLUDE ALL OF PLAINTIFF'S STATISTICAL ANALYSIS<br><br><br><br><br>Case No. 2:05-CV-534 TS |

This matter is before the Court on Defendant's Motion to exclude exhibits allegedly offered in violation of prior scheduling and discovery deadlines (Deadlines Motion)[1] and on Defendant's subsequent Motion to exclude all of Plaintiff's statistical analyses (Statistical Analysis Motion).[2]

---

[1]Docket No. 182.

[2]Docket No. 197.

In its Deadlines Motion, Defendant objects to all of the exhibits listed therein, except Plaintiff's financial records, as offered in violation of the discovery and scheduling deadlines for expert testimony. Defendant has withdrawn the motion as to Plaintiff's financial records relating to his post-termination re-employment.[3]

Plaintiff opposes the Deadlines Motion on the ground that all but one of the exhibits is not subject to the expert discovery deadlines because they are merely summaries of Defendant's spreadsheet information to be presented by Plaintiff.  In so doing, Plaintiff lists and describes the purposes of some exhibits.[4]

Defendant filed a reply raising new arguments objecting to Exhibit Nos. 103, 106, 116, 134, 135, and 137. Defendant then filed its Statistical Motion addressing some but not all of the exhibits listed in its Deadlines Motion.[5]  It appears that Plaintiff's Exhibit Nos. 40, 104, 105, 117, 133, 137-39 and140-43 are subject to the Statistical Motion. However, the grounds listed in the statistical motion appear to apply to many of those exhibits listed only in the Deadlines Motion.

Further confusing matters is the parties' practice of referring to the exhibits by their trial exhibit numbers but not including those exhibit numbers on the copies of exhibits attached to their memorandum.  Plaintiff has also filed a revised Trial Exhibit List that

---

[3]Docket No. 203, Def's Reply, at 6.

[4]Docket No. 192, at 5-6.

[5]*Compare* Docket No. 182, at 3 (listing exhibits at issue herein) *with* Docket No. 197, at n.2 (listing exhibits at issue therein).

changes the numbers on the exhibits from the numbers used in the parties' memorandum.[6] As a result, the Court has identified some exhibits by their Bates Stamped numbers.

Turning to the merits of the Motions, Defendant sought to exclude the exhibit to be presented by Dr. Gren,[7] an email dated July 4, 2007, containing two charts labeled "Variables in the Equation," on the ground that it was untimely produced.  The exhibit was produced by Plaintiff, then acting pro se, at Dr. Gren's deposition.  The deposition was held two months after the deadline to disclose expert reports.

The Court finds that Defendant was prejudiced by the delay in producing the supplemental charts.  However, the amount of prejudice was small, Defendant had the opportunity to fully examine Dr. Gren on the supplemental chart.  Therefore, the Court will deny its exclusion on the ground raised in the Deadlines Motion.  However, the Court finds that it should be excluded on the ground raised in the Statistical Motion.

Defendant seeks to exclude the statistical analysis of Dr. Gren, and much of that to be offered through Plaintiff's testimony, on the ground that it is irrelevant and likely to cause confusion because it does not take into account potential non-discriminatory reasons for the alleged disparate treatment.

---

[6] Docket No. 223.

[7] Docket No. 183, Def.'s Ex. 1.  This document is bates stamped KL000155.  It has been referred to as Plaintiff's Trial Ex. 130 and 144.  On Plaintiff's latest Exhibit List, Docket No. 223, it is listed as Ex. 3.

As Defendant points out, the Court has previously ruled[8] that Plaintiff's statistical evidence does not raise an inference of discrimination under the standard set forth in Tenth Circuit case law such as *Pippin v. Burlington Resources Oil and Gas Co.*[9]   In that Summary Judgment Order, the Court quoted and applied *Pippen* as follows:

> "Statistical evidence which fails to properly take into account nondiscriminatory explanations does not permit an inference of pretext." A "plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between comparable individuals." Statistical evidence that does not adjust "for the various performance evaluations and departmental rankings of the employees included in the statistical pool" does not compare "similarly situated" employees and therefore "fails to eliminate nondiscriminatory explanations for disparate treatment."

> In this case, as in *Pippen*, the former employee's proffered statistical evidence "does not account for any of these different individuals' circumstances, skills, or prior performances." Instead, the proffered statistical sample includes only employees with the title Database Administrators, and the only variables listed are inclusion in the RIF and age. Thus, the statistical evidence is not sufficient to support an inference that Oracle's stated reasons for selecting persons for inclusion in the RIF were pretextual.[10]

Exhibits that fail to adjust for such variables as performance evaluations, department rankings, and individual circumstances are the tables in Dr. Gren's July 4, 2007 email—as well as Exhibit Nos. 103, 106, 116, 134-37 and the exhibits marked with Bates stamp

---

[8]Docket No. 193 (November 8, 2007 Memorandum Decision and Order on Summary Judgment).

[9] 440 F.3d 1186, 1193 (10th Cir. 2006).

[10]Summary Judgment Order at 6-7 (quoting *Pippin,* 440 F.3d at 1198) (quoting *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 987 (10th Cir. 1996) and *Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1456 (10th Cir. 1994))) (other footnotes omitted).

numbers KLG001094, KLG001458-59, KLG001558, KLG001488, KLG001701-06 and KLG0008.

Defendant contends that much of this information is not statistical analyses but are merely summaries of information from the 90-page spreadsheet provided by Defendant. This spreadsheet was apparently a list of all of its employees at the time of the RIF.   The Court agrees that summaries are admissible under Fed. R. Evid. 1006.  However, the pulling out of certain data, and eliminating other data from a document is analyses, not a summary or calculation.  For example, the use of a graph form for information is analysis to the extent it contains such comparatives as tenure.[11]  Such analysis does not show an inference of discrimination unless it meets the standard outlined in *Pippen*.

By its ruling, the Court is not foreclosing all statistical information.  For example, such information as the total number of employees, how many were subject to the RIF, whether Plaintiff's supervisor volunteered to include a greater number than required by Defendant's RIF criteria, are all relevant and do not require statistical analysis.   Plaintiff must also be allowed to show the evidence relating to his prima facie case, his age, that similarly situated persons of a younger age were either not selected for the RIF or were hired to replace him.  Thus, the list of employees on Ex. KLG001094  is relevant and is not statistical analysis to the extent that there is testimony that the employees in this group were the pool from whom a set number of reductions by RIF were to be made, that Plaintiff was included in the pool and was included while younger employees in the pool were not.

---

[11] *E.g.*, KLG001705.

Their ages are relevant to the showing.  However, some of the other information —such as race and sex—is not relevant and may only be confusing to the jury where this case does not involve claims of discrimination based on race or sex.   Therefore, the exhibit is excluded, without prejudice to seeking the admission of a version with the irrelevant information excluded.

If Plaintiff attempts to show he was similarly situated as to employees not included in the RIF, he may use statistical analysis, as opposed to simple fact testimony, only to the extent that the asserted non-discriminatory variables are included in the analysis.  Similarly, the ages of specific employees alleged to have been hired to replace Plaintiff are relevant, but can be presented by fact testimony.

Addressing the specific objections to Exhibit Nos. 103, 106, 116, the Court finds that there is insufficient foundation for these exhibits at this time.  Exhibit Nos. 135 and 137 are graphs of the average age of allegedly similarly situated individuals in Plaintiff's employee group before and after the RIF.  The average age is statistical analysis subject to the rule stated above.  However, Plaintiff, as also noted above, will be permitted to present evidence of the age of each of these allegedly similarly situated individuals who were not included in the RIF.

It is therefore

6

ORDERED that Defendant's Motion in Limine to Exclude Exhibits Offered in Violation of Discovery and Scheduling Deadlines (Docket No. 182) and Defendant's Motion in Limine to Exclude all of Plaintiff's Statistical Analyses (Docket No. 197) are GRANTED as set forth above.

DATED   November 30, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge

7