IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH L. GRAY,<br><br>        Plaintiff,<br><br><br><br><br><br>                    vs.<br><br><br>  ORACLE CORP., a California Corp.,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS NEWLY RAISED PRE-TERMINATION DISCRIMINATION CLAIMS<br><br><br><br><br>Case No. 2:05-CV-534 TS |

Defendant seeks to dismiss the recently raised pre-termination discrimination claims.  At issue is Plaintiff's claim that between 2001 and his discharge on January 15, 2005, he was discriminated against on the basis of age in that his job responsibilities were altered and he received no salary increases or bonus during this time.  Plaintiff's damages claim is based in part upon the difference between the salary, bonus, and benefits he

actually received during this time and those he now argues that he would have received had he not be subject to age discrimination.[1]

Defendant contends that these claims of pre-termination salary discrimination based upon age are time-barred because they were not included in the Amended Complaint and were not timely exhausted in the administrative proceedings before the EEOC. Defendant further contends Plaintiff was timely aware of these claims and that it would be highly prejudicial to allow a new claim for pre-termination discrimination on the eve of trial. Defendant contends that allowance of such a new claim would require vacating trial and reopening discovery on the issue of the basis for his salary level and lack of bonuses clear back to 2001.

Plaintiff contends that the pre-termination acts complained of were not adverse employment action requiring an EEOC filing; that he was unable to discover the salary discrimination in time to file an EEOC charge; that Defendant waived any grounds for dismissal of the pre-termination claims by not filing a motion to dismiss sooner; that his claim of pre-termination discrimination was referenced in his complaint; and that he should be excused for the failure to exhaust because of his pro se status. Gray also seeks his right to appeal on this issue for the purpose of obtaining a change in the Supreme Court case law.

---

[1] *E.g.*, Docket No. 143, (Dr. Gren's Expert Report).

As this Court has previously explained to Plaintiff, "exhaustion of administrative remedies is a prerequisite to suit under the ADEA."[2]  The Court has reviewed the Charge of Discrimination and the Amended Complaint and finds that a claim for pre-termination discrimination is not contained in either.   Plaintiff relies upon his passing reference in the Amended Complaint to the pre-termination actions by Defendant that were limited to the time from "the employee semi-annual Oracle performance Planning and Review period, ended on or about May 31, 2004."[3]  As such it is merely an allegation of the type of "prior acts as background evidence in support of a timely claim" that is allowable under the ADEA.[4]  However, "such background evidence cannot suffice 'to establish a timely claim'"[5] Further, an allegation of exclusion from the review process in May 2004 as the background for his claim of discrimination in discharge in January 2005, in no way alleges discrimination in compensation dating back to 2001.

Plaintiff alleges that he was unaware of the salary discrimination prior to March 2007 and seeks to be excused from the requirement for amending his complaint to add such a new claim by his pro se status.  Although a pro se plaintiff's filings are liberally construed, pro se status does not excuse the obligation of any litigant to comply with the fundamental

---

[2]Docket No. 124, October 17, 2006 Order Denying Motion to Amend Complaint, at 4 (citing *Shikles v. Sprint/United Mgmt. Co*., 426 F.3d 1304, 1317 (10th Cir. 2005)).

[3]Docket No. 21, Amended Complaint at ¶ 12.

[4]*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[5]*Haynes v. Level 3 Commc'ns*, LLC,  456 F.3d 1215, 1223 (10th Cir. 2006) (quoting *Law v. Continental Airlines, Corp., Inc*., 399 F.3d 330, 334 (D.C. Cir. 2005)).

requirements of the Federal Rules of Civil Procedure.[6]  The Court finds that it would be highly prejudicial to allow Plaintiff to amend at this late date.  Further, he has been represented by counsel since September, time enough to have moved to amend and reschedule trial, thereby mitigating the prejudice to Defendant.

Plaintiff also contends that Defendant has waived any objection.  The Court does not agree.  There is a difference between notice that Plaintiff's expert has used an incorrect measure of  damages—an issue usually addressed in a motion in limine or by countervailing expert testimony—and notice of the addition of an entirely new cause of action.

Finally, as to Plaintiff's request to preserve this issue for appeal in order to obtain a change in the case law, it is preserved by his response and the Court's order.  It is therefore

ORDERED that Defendant's Motion to Dismiss Newly Raised Pre-Termination Discrimination Claims (Docket No. 211) is GRANTED.   It is further

---

[6]*Ogden v. San Juan County*, 32 F.3d 452, 455  (10th Cir. 1994).

4

ORDERED that Defendant's Motion for Miscellaneous Relief/Continuance if Pre-Termination Claims are Allowed (Docket No. 239) is DENIED AS MOOT.

DATED   November 30, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

5